IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                Plaintiff,

  v.

CARLEY N. SAUTER,

                Defendant.

OPINION and ORDER

18-cv-698-jdp

---

Plaintiff Mary Ann Nawrocki, appearing pro se, alleges that defendant Dr. Carley Sauter committed malpractice in examining her on behalf of her employer in the course of a legal proceeding.

This federal court cannot hear every type of case that a plaintiff might wish to bring. *See Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Here, Nawrocki says that Sauter violated her rights under both federal and state law, but the only potential claim I can discern from her complaint is a Wisconsin-law medical malpractice claim against Sauter for either failing to discover Nawrocki's injuries or intentionally covering them up. This means that Nawrocki needs to establish that she and

Sauter are citizens of different states. She alleges that she is a citizen of both Wisconsin and Missouri and that Sauter is a Wisconsin citizen. And shortly after filing the lawsuit, Nawrocki moved to Texas. But for purposes of the diversity-jurisdiction analysis, she can be the citizen of only one state at a time. *See* 13E Wright, Miller & Cooper, Federal Practice & Procedure, § 3612 (3d ed. 2010).

So Nawrocki needs to clarify what state she was a citizen of, specifically at the time she filed her complaint. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004). Residency does not in itself mean citizenship; citizenship is determined by a person's domicile—their "long-term plan for a state of habitation." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). Factors one might take into account when determining a party's domicile include:

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.

13E Wright, Miller & Cooper, Federal Practice & Procedure, § 3612.

I will give Nawrocki a short time to respond to this order, explaining what state she was domiciled in when she filed her complaint. If she fails to respond to this order, I will dismiss the case for her failure to establish that this court has jurisdiction to consider it.

ORDER

IT IS ORDERED that plaintiff Mary Ann Nawrocki may have until December 3, 2018, to respond to this order regarding her citizenship at the time she filed her complaint.

Entered November 19, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge